**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| John Stuart, | ) | No. CV-10-00044-PHX-ROS |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Paul McMurdie, et al., | ) | |
| Defendants. | ) | |

Pending before the Court are motions to dismiss filed by each defendant. For the following reasons, the motions will be granted.

**BACKGROUND**

Plaintiff John Stuart is the defendant in an ongoing criminal prosecution in Maricopa County Superior Court. (Doc. 1 at 2). Plaintiff is charged with second degree murder and drive-by shooting. Plaintiff seeks to sue the following individuals connected to that case:

  Paul McMurdie, the Maricopa County Superior Court judge previously assigned to the criminal case;

  Susie Charbel, the prosecutor in the criminal case;

  Paul Dalton and Al Shearer, police detectives;

  John Johnson and Tyler Harrison, public defenders appointed to represent Plaintiff; and

  Robert E. Lyon, D.O., the Maricopa County Medical Examiner.

According to Plaintiff, the defendants "have crossed the thin line from discretion to disregard for and violation of Plaintiff's God given rights, including violation of the Plaintiff's Civil Rights found in the United States Constitution . . . and Plaintiff's Rights under Arizona law and the Arizona Constitution." (Doc. 1 at 3). Plaintiff believes "Defendants have conspired to violate [his] civil rights," by falsely prosecuting him despite knowing he is innocent and by depriving him of his "right to not be forced into slavery,"[1] his "right to redress of grievances,"[2] his "right to keep and bear arms,"[3] his right to peaceably assemble,[4] and his "right to free exercise of religion."[5] (Doc. 1 at 39-40). Based on these violations, Plaintiff requests compensatory damages of eight million dollars. Plaintiff also asks this Court to enjoin the state court criminal action, vacate all orders issued in the state court criminal action, remove Judge McMurdie from the criminal action, and "permanently enjoin defendants from ever repeating this tragedy." (Doc. 1 at 60).

Defendants McMurdie, Charbel, Dalton, and Lyon have moved to dismiss.[6] These Defendants argue the Court must abstain from hearing this suit as there is an ongoing criminal prosecution. Defendant Dalton also argues Plaintiff has failed to state a claim on which relief can be granted. Plaintiff opposes the motions to dismiss, primarily arguing that defense counsel's failure to file formal notices of appearance requires their motions be denied. Defendants are entitled to the dismissal of all claims.

---

[1] Plaintiff does not provide any substantive allegations in support of this claim.

[2] Plaintiff has been prohibited from filing any further documents in his criminal case.

[3] As a condition of Plaintiff's pretrial release, he was ordered not to possess any weapons.

[4] Plaintiff was "threatened with execution" if he did not tell a group assembled outside of the jail to disperse.

[5] His religious rights were violated by Defendants' refusal to recognize that the John Stuart charged in the indictment is a distinct legal entity "from the man known as John Stuart."

[6] Defendants Shearer, Johnson, and Harrison have not been served.

## ANALYSIS

### A. Plaintiff's Claims Regarding "Trespassing" are Frivolous

Local Rule 83.3 states "no attorney shall appear in any action or file anything in any action without first appearing as counsel of record." Plaintiff interprets this rule to mean that defense counsel had an obligation to file formal notices of appearance before participating in the case. Plaintiff makes repeated claims that defense counsel is "trespassing on the case" because they have not filed notices of appearance.[7] (Doc. 14 at 5, Doc. 16 at 5). Based on this alleged "trespassing," Plaintiff claims he is entitled to default and summary judgment. Plaintiff is wrong.

Local Rule 83.3 does not require an attorney file a *separate* notice of appearance before filing any documents. The filing of an initial pleading or motion counts as an appearance such that no separate notice is required. *Mason v. Utley*, 259 F.2d 484, 485 (9th Cir. 1958) (filing a motion to dismiss qualifies as an "appearance"). No purpose would be served by interpreting Local Rule 83.3 as requiring a separate notice of appearance when defense counsel files a motion or pleading such that all parties are on notice regarding the identity of defense counsel. *See Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir. 1987) (refusing to adopt rule whereby "[w]heels would spin for no practical purpose"). All of Plaintiff's motions premised on alleged "trespassing" will be denied.

### B. Plaintiff's Claims for Injunctive Relief Must be Dismissed

Plaintiff seeks a variety of injunctive and declaratory relief regarding his ongoing criminal prosecution. Pursuant to the *Younger*[8] abstention doctrine, this Court must dismiss Plaintiff's claims for injunctive and declaratory relief if four factors are met: "(1) a

---

[7] As defined by Black's Law Dictionary, "trespass on the case" is "an action to recover damages that are not the immediate result of a wrongful act but rather a later consequence." Black's Law Dictionary 1509 (7th ed. 1999). Thus, the doctrine of "trespass on the case" has no connection to Plaintiff's claims regarding the need for a notice of appearance.

[8] *Younger v. Harris*, 401 U.S. 37 (1971).

- 3 -

1  state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests;
2  (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state
3  proceeding; and (4) the federal court action would enjoin the proceeding or have the practical
4  effect of doing so, *i.e.*, would interfere with the state proceeding in a way that *Younger*
5  disapproves." *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City*
6  *of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008). All of these factors are satisfied.

The first two factors are easily met in that the state prosecution is ongoing and Arizona has an important interest in prosecuting alleged offenders. The third factor is also met as Plaintiff has not established he cannot present his claims in state court. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987) (burden is on plaintiff to establish inability to present claims in state court). Finally, the fourth factor is met in that the injunctive and declaratory relief Plaintiff requests is explicitly aimed at halting the state proceeding. Thus, absent an exception, *Younger* requires dismissal of Plaintiff's injunctive and declaratory relief causes of action.[9]

Once the *Younger* factors are met, a court can exercise jurisdiction only if the "state proceedings are conducted in bad faith or to harass the litigant, or other extraordinary circumstances exist." *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 621 (9th Cir. 2003). Plaintiff has failed to establish either of these exceptions.

"In the *Younger* abstention context, bad faith generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." *Baffert*, 332 F.3d at 621. The burden is on Plaintiff to establish bad faith. *Id.* Plaintiff argues the prosecution is motivated by bad faith because he was charged in the past on relatively minor offenses and on both occasions the charges were dropped. Plaintiff has not, however, presented any evidence establishing there is no reasonable expectation of a conviction on the currently pending charges. Plaintiff has not met his burden to establish bad faith.

---

[9] This conclusion is not surprising given the Ninth Circuit's observation that federal courts "should almost never enjoin state criminal proceedings." *Gilbertson v. Albright*, 381 F.3d 965, 975 (9th Cir. 2004).

- 4 -

As for what qualifies as "extraordinary circumstances," courts have not provided definitive guidance. *Id.* The example of extraordinary circumstances given in *Younger* is the situation of an individual being prosecuted under statutes that "flagrantly and patently violate[] express constitutional prohibitions in every clause, sentence, and paragraph." *Aiona v. Judiciary of State of Hawaii*, 17 F.3d 1244, 1248-49 (9th Cir. 1994). Plaintiff has not shown that the statutes at issue in his prosecution are unconstitutional. Instead, Plaintiff argues that Arizona's criminal statutes involved in his prosecution have not yet been "certified constitutional." Apparently Plaintiff believes each statute must be "certified constitutional" before it can be used to prosecute offenders. Plaintiff cites no authority in support of this claim and the argument is frivolous. Because Plaintiff cites no "extraordinary circumstances" which counsel in favor of exercising jurisdiction, all of Plaintiff's claims for injunctive and declaratory relief must be dismissed.

### C. Most of Plaintiff's Damages Claims Must be Dismissed With Prejudice

In addition to his injunctive and declaratory relief requests, Plaintiff also requests eight million dollars in damages. *Younger* abstention applies to actions for money damages, but "federal courts should not dismiss actions where damages are at issue; rather, damages actions should be stayed until the state proceedings are complete." *Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004). This rule does not, however, "require a stay for damages claims that would be dismissed as untimely or meritless on the pleadings." *Equity Lifestyle Properties, Inc. v. County of San Luis Obispo*, 548 F.3d 1184, 1196 n.23 (9th Cir. 2008). Thus, the Court can examine the merits of Plaintiff's damages claims and dismiss those that fail as a matter of law and stay those, if any, that might be able to proceed at a later date.

#### i. Damages Against McMurdie

Plaintiff is attempting to recover damages from Judge McMurdie in both his official and individual capacity. Plaintiff claims "Judge McMurdie has presided over the [state court] case in a manner that violates Plaintiff's civil rights" by, among other things, allowing attorneys to appear despite those attorneys not having filed formal notices of appearance.

1  (Doc. 1 at 15-16). Based on Plaintiff's complaint, *all* of Judge McMurdie's wrongful
2  conduct occurred in the course of him performing his judicial duties.

3  Judges enjoy absolute immunity from suits for money damages. *Mireles v. Waco*, 502
4  U.S. 9, 9 (1991). There are only two exceptions to this immunity. "First, a judge is not
5  immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial
6  capacity. Second, a judge is not immune for actions, thought judicial in nature, taken in the
7  complete absence of all jurisdiction." *Id.* at 11-12. Judge McMurdie's actions alleged in the
8  complaint were judicial in nature, and Judge McMurdie had jurisdiction to preside over
9  Plaintiff's criminal case.[10] Therefore, Judge McMurdie is absolutely immune, and all claims
10  for damages against Judge McMurdie must be dismissed.

### ii. Damages Against Charbel

12  Charbel is one of the prosecutors involved in Plaintiff's prosecution. Plaintiff alleges
13  Charbel misrepresented matters during a bail hearing, failed to provide all relevant
14  information to the grand jury, and has failed to prosecute the victim for kidnapping. The
15  complaint does not identify *any* alleged wrongful conduct by Charbel other than actions
16  taken during court proceedings.

17  "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial
18  proceedings or for trial, and which occur in the course of his role as an advocate for the State,
19  are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259,
20  273 (1993). But "prosecutors are entitled to only qualified immunity when they perform
21  investigatory or administrative functions, or are essentially functioning as police officers or
22  detectives." *Waggy v. Spokane County Wash.*, 594 F.3d 707, 710-11 (9th Cir. 2010). Here,
23  all of the alleged wrongful conduct by Charbel occurred "in the course of [her] role as an

---

[10] Plaintiff argues judicial immunity does not apply because Judge McMurdie never took an oath of office. Thus, Plaintiff believes Judge McMurdie is an "imposter." (Doc. 14 at 9). The Court takes judicial notice that Judge McMurdie is a Maricopa County Superior Court Judge. Fed. R. Evid. 201(b).

advocate for the State." *Buckley*, 509 U.S. at 273. Accordingly, she is absolutely immune and the claims for damages against her must be dismissed.

### iii. Damages Against Dalton

Plaintiff alleges Detective Dalton "investigated this case in a manner that violates Plaintiff's civil rights" because he failed to seize the clothes Plaintiff was wearing at the time the crime occurred. (Doc. 1 at 26). Dalton also "refused to take Plaintiff's blood and urine as such would prove that Plaintiff was sober" at the time the crime was committed. (Doc. 1 at 28). Dalton seeks dismissal of Plaintiff's claims on the basis that Plaintiff has not adequately pled any causes of action entitling him to money damages. In particular, Dalton argues that Plaintiff's § 1983 claim fails because he has not identified any constitutional deprivation, and Plaintiff's § 1985 claim fails because Plaintiff has not alleged he is part of a protected group.[11]

A § 1983 claim is dependent on the alleged wrongful conduct depriving the plaintiff of "rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). Plaintiff does not have a constitutional or statutory right to have the investigation of his alleged crime conducted in a particular way. *See Deveraux v. Abbey*, 263 F.3d 1070, 1075 (9th Cir. 2001) (no due process right "to have the investigation carried out in a particular way"). Plaintiff's complaint fails to allege a deprivation of his rights actionable under § 1983.

A § 1985 claim requires a plaintiff "demonstrate a deprivation of a right motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *RK*

---

[11] Dalton did not move for dismissal on the basis of qualified immunity and the Court cannot raise it on Dalton's behalf. *See Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982) (stating qualified immunity "is an affirmative defense that must be pleaded by a defendant official).

*Ventures, Inc. v. City of Seattle*, 307 F.3d 1046, 1056 (9th Cir. 2002) (quotations omitted). Plaintiff's complaint contains no indication of such animus. Thus, the § 1985 claim fails.[12]

### iv. Damages Against Lyon

Plaintiff alleges the medical examiner, Dr. Lyon, violated his rights by failing to conduct certain tests on the murder victim. Plaintiff alleges Dr. Lyon should have tested the victim's hair for LSD, should have tested the victim for "signs of 'roid rage' and other illicit drug use," and should have tested the victim's "stomach and bladder contents" for signs that the victim was "having a violent psychotic episode." (Doc. 1 at 35). Lyon moves for dismissal of these claims on the basis of qualified immunity.

Medical examiners "enjoy the same qualified immunity as police officers or other investigators for the state prosecutor." *Kompare v. Stein*, 801 F.2d 883, 887 (7th Cir. 1986). "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009). Plaintiff has no statutory or constitutional right to the performance of certain tests during an autopsy. *Cf. District Attorney's Office for Third Judicial Dist. v. Osborne*, 129 S. Ct. 2308, 2322 (2009) (finding no constitutional right to post-conviction DNA testing). Thus, Lyon has qualified immunity and Plaintiff's damages claims against him must be dismissed.

---

[12] The fact that Plaintiff's current claims against Dalton fail does not mean that Plaintiff is barred from amending the complaint to state viable claims. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) ("[A] district court should grant leave to amend even if no request to amend the pleading was made . . . ."). But if Plaintiff *does* file an amended complaint curing the deficiencies, the claims will be stayed. *Gilbertson,* 381 F.3d at 968.

- 8 -

### D. Plaintiff's Filings are Inappropriate

Plaintiff has filed six motions in the relatively short time this case has been pending. Many of these motions are incoherent[13] while others simply have no basis in existing law. Plaintiff is warned that each document filed with the Court must be warranted by existing law or by a nonfrivolous argument for a modification of existing law. Fed. R. Civ. P. 11(b). Future violations of this rule may result in sanctions.

### E. Conclusion

All of Plaintiff's claims for injunctive and declaratory relief must be dismissed pursuant to the *Younger* doctrine. The claims against McMurdie and Charbel are barred by absolute immunity, while the claim against Lyon is barred by qualified immunity. Plaintiff's current allegations fail to state a claim against Dalton. Plaintiff will be given leave to amend his allegations against Dalton. If Plaintiff chooses to amend, any *valid* claims for money damages against Dalton will be stayed. There remain three defendants who have not been served. This suit was filed on January 8, 2010. Thus, Plaintiff has a short time in which to complete service. *See* Fed. R. Civ. P. 4(m) (allowing 120 days to complete service)

Accordingly,

**IT IS ORDERED** the Motions to Dismiss (Doc. 12, 13, 31) are **GRANTED**. All claims for declaratory or injunctive relief are **DISMISSED WITHOUT PREJUDICE**. The damages claims against McMurdie, Charbel, and Lyon are **DISMISSED WITH PREJUDICE**. Defendants McMurdie, Charbel, and Lyon are dismissed from this action. The damages claims against Dalton are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** the Motion for Summary Judgment (Doc. 15), Motions for Default Judgment (Doc. 18, 38), Motion to Strike (Doc. 28), Motion for Entry

---

[13] For example, Plaintiff seeks to "submit into evidence" Defendant Charbel's "confession" that she is involved in a wide-ranging conspiracy to deprive Plaintiff of his civil rights. The "confession," however, is a statement that Plaintiff has been represented by counsel throughout the state court proceedings. Plaintiff's claim that this constitutes Charbel's confession of involvement in a conspiracy is incorrect.

of Default (Doc. 35), Motion for Judgment (Doc. 38), Motion for Prohibition of Bias (Doc. 38), Motion for Ruling (Doc. 44), Motion for Entry of Default (Doc. 46) are **DENIED**.

**IT IS FURTHER ORDERED** the Motion for Protective Order (Doc. 19) is **GRANTED**. Plaintiff shall serve all documents on counsel as required by Federal Rule of Civil Procedure 5(b)(1).

**IT IS FURTHER ORDERED** if Plaintiff wishes to amend his complaint regarding damages claims against Dalton he must do so within ten days of this Order.

DATED this 30th day of April, 2010.

_____
Roslyn O. Silver
United States District Judge