**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| John Stuart,                                    ) | No. CV-10-00044-PHX-ROS |
|                         )                                | |
|             Plaintiff,               ) | **ORDER** |
|                                          ) | |
| vs.                                      ) | |
|                                          ) | |
| Paul McMurdie, et al.,        ) | |
|                                          ) | |
|             Defendants.          ) | |
|                                          ) | |

Pending before the Court is a motion to dismiss filed by Defendant Tyler Harrison. For the following reasons, the motion will be granted and the case terminated.

On April 30, 2010, the Court dismissed Plaintiff's claims against Defendants McMurdie, Charbel, Dalton, and Lyon. At the time of this dismissal, Plaintiff had not served Defendants Shearer, Johnson, and Harrison. On May 24, 2010, the Court issued an Order to Show Cause regarding Plaintiff's failure to serve Defendants Shearer, Johnson, and Harrison. At a hearing held on July 2, 2010, Plaintiff claimed he was having difficulty completing service on these Defendants. The Court granted an additional thirty days for Plaintiff to complete service. (Doc. 60). Plaintiff never completed service on Defendants Shearer and Johnson. (Doc. 66, 67). Plaintiff did complete service on Defendant Harrison. (Doc. 65). Defendant Harrison now moves to dismiss all of Plaintiff's claims.

Plaintiff John Stuart is the defendant in an ongoing criminal prosecution in Maricopa County Superior Court. (Doc. 1 at 2). Defendant Harrison was the public defender assigned

to represent Plaintiff. According to the complaint, Defendant Harrison violated Plaintiff's civil rights by failing to file a notice of appearance in the state case, failing to interview witnesses, and by withdrawing close to the originally scheduled trial date. (Doc. 1 at 34-35). Based on these actions, Plaintiff wishes to pursue a claim for violation of his civil rights under 42 U.S.C. § 1983, "civil conspiracy to violate [his] civil rights" under 42 U.S.C. § 1985, intentional infliction of emotional distress, and alienation of affection. (Doc. 1 at 1).

## ANALYSIS

### I. Standard for Motion to Dismiss

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When evaluating a motion to dismiss, a court must accept all factual allegations as true but need not accept legal conclusions. *Id.*

### II. Plaintiff's Federal Claims Fail

Plaintiff wishes to pursue claims against Defendant Harrison under 42 U.S.C. § 1983 and 42 U.S.C. § 1985. A § 1983 claim is dependent on the alleged wrongful conduct depriving the plaintiff of "rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). Plaintiff has not pled facts showing Defendant Harrison violated any rights secured by the Constitution or federal statutes. The § 1983 claim fails.[1]

A § 1985 claim requires a plaintiff "demonstrate a deprivation of a right motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *RK*

---

[1] Given the history of this case and the basis for Plaintiff's claims, leave to amend will not be granted. *See Janicki Loggin Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994) (leave to amend "need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay").

1  *Ventures, Inc. v. City of Seattle*, 307 F.3d 1046, 1056 (9th Cir. 2002) (quotations omitted).
2  Plaintiff's complaint contains no indication of such animus. Thus, the § 1985 claim fails.
3  **III.  Plaintiff's State Law Claims**
4  Defendant Harrison moved to dismiss all of Plaintiff's state law claims based on the
5  failure to file a notice of claim as required by Arizona law. A.R.S. § 12-821.01(A) (requiring
6  notice of claim for individuals asserting "claims against a public entity or public employee).
7  Plaintiff does not provide any response to this argument. All the state law claims will be
8  dismissed.
9  **IV.  Summary**
10  Plaintiff has failed to state a claim against Defendant Harrison. Plaintiff has failed to
11  complete service of process on Defendants Shearer and Johnson. Defendants McMurdie,
12  Charbel, Dalton, and Lyon were previously dismissed. Thus, Plaintiff's claims against the
13  served Defendants have been resolved, and Plaintiff has not established an additional
14  extension of time to complete service is appropriate. The case will be dismissed in its
15  entirety.
16  Accordingly,
17  **IT IS ORDERED** the Motion to Dismiss (Doc. 68) is **GRANTED**. The clerk is
18  directed to close this case.
19  **IT IS FURTHER ORDERED** all other motions (Doc. 56, 57, 58, 70) are **DENIED**
20  **AS MOOT**.
21  DATED this 22nd day of February, 2011.
22
23
24
25  Roslyn O. Silver
    Chief United States District Judge
26
27
28

- 3 -